IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

5006 OCEAN FRONT
AVENUE, LLC,

    Plaintiff,

v.                                     Civil Action No. 3:24cv106

ASSUREDPARTNERS OF
VIRGINIA, LLC,

    Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on DEFENDANT ASSUREDPARTNERS OF VIRGINIA, LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (ECF No. 15) (the "MOTION"), the supporting, opposing and reply memoranda (ECF Nos. 16, 17, and 23). For the reasons set forth below, DEFENDANT ASSUREDPARTNERS OF VIRGINIA, LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (ECF No. 15) will be denied.

**BACKGROUND**

5006 Ocean Front Avenue, LLC ("Ocean Front") instituted this action against AssuredPartners of Virginia, LLC ("AssuredPartners") in state court.[1] AssuredPartners removed the

---

[1] Ocean Front's sole member is Sarah G. August, a citizen of Virginia. AssuredPartners is a Virginia limited liability company whose sole member is AssuredPartners, Inc., a corporation incorporated in Delaware with its headquarters in Florida. No

case to this Court (ECF No. 1) after which Ocean Front filed its First Amended Complaint (ECF No. 12) ("FAC") which presents three counts that, on different theories, seek damages for the loss of 5006 Ocean Front Avenue, Virginia Beach, Virginia, a beach front home owned by Ocean Front that AssuredPartners allegedly failed to properly insure.

In COUNT I, a breach of contract claim, Ocean Front alleges that it contracted with AssuredPartners to procure the right type and amount of insurance coverage for the policy year in which a fire destroyed 5006 Ocean Front Avenue. It is said that AssuredPartners was obligated:

> to exercise reasonable skill, care and diligence, and to use its professional expertise to evaluate risks and procure proper and adequate insurance coverage necessary to sufficient protect the multimillion-dollar property, including a multimillion-dollar renovation that was underway at the time.

(ECF No. 12, ¶ 79). The FAC then alleges that AssuredPartners "agreed to competently evaluate Ocean Front's insurance needs [for the property] and procure for Ocean Front proper and adequate coverage to be in effect during the renovation." (ECF No. 12, ¶ 81).

---

member of AssuredPartners is a citizen of the Commonwealth of Virginia.

According to the FAC, AssuredPartners breached the contract in several ways:

- "By failing to competently evaluate Ocean Front's insurance needs and procure proper and adequate insurance" (ECF No. 12, ¶ 83)
- "By failing to conduct full and proper due diligence . . . in determining Ocean Front's insurance needs" (ECF No. 12, ¶ 84)
- "By failing to act diligently" in receiving a property appraisal pertinent to the proper amount of insurance and failing to secure insurance in that amount and by failing to inform Ocean Front of the existence of the appraisal demonstrating that the property was under insured (ECF No. 12, ¶ 85)

In COUNT I, Ocean Front also alleges: (a) the existence of an implied duty of good faith and fair dealing in the administration of the contract; and (b) the breach of the implied duty of good faith and fair dealing because AssuredPartners: (1) failed to communicate openly or honestly with Ocean Front about services AssuredPartners was performing in respect of the contracts; (2) "suppress[ed] the existence" of an appraisal; and (3) "outright ignore[ed] and refus[ed] to cooperate with Ocean Front in its efforts to determine what happened relating to

3

AssuredPartner's attempts to procure and place insurance for Ocean Front." (ECF No. 12, ¶¶ 86 and 87).

In COUNT II, Ocean Front brings an alternative claim for negligence. As the FAC puts it, COUNT II asserts a negligence claim that would be operative only "if it were determined that AssuredPartners and Ocean Front did not have a binding and enforceable contract, or that the applicable source of duty was not contractual." (ECF No. 12, ¶ 90). According to the FAC, AssuredPartners acted negligently by failing to procure adequate insurance coverage, by failing to conduct full and proper full diligence in connection with the procuring of insurance accompanying the insurance policy, and in determining Ocean Front's insurance needs, and by failing to exercise skill, care, and diligence in its dealings with Ocean Front.

In COUNT III, the FAC asserts another alternative claim. This one is for breach of fiduciary duty owed by AssuredPartners to Ocean Front. That count would become operative if "it were determined that AssuredPartners and Ocean Front did not have a binding and enforceable contract, or that the applicable source of duty was not contractual." (ECF No. 12, ¶ 101). COUNT III alleges that there was a fiduciary relationship between AssuredPartners and Ocean Front (ECF No. 12, ¶¶ 104 and 105), and that AssuredPartners breached its fudiciary duty to Ocean Front by:

4

>(1) failing to obtain proper and adequate insurance coverage; (2) failing to obtain Ocean Front's consent for AssuredPartners to use a wholesale broker in arranging Ocean Front's insurance coverage; (3) failing to increase the coverage on the property in light of an appraisal known only to AssuredPartners; (4) concealing the existence of the appraisal; (5) failing to communicate or provide documentations about efforts to procure coverage; (6) failing to conduct full and proper due diligence to determine the insurance needs of Ocean Front; and (7) failing to exercise reasonable skill, care, and diligence in its dealings with Ocean Front.

(ECF No. 12, ¶ 106). The FAC seeks damages in excess of $4 million, pre-judgment and post-judgment interest, and any other relief which Ocean Front is entitled.

AssuredPartners answered the FAC and, in so doing, denied the existence of a contractual relationship (ECF No. 17, pp. 7-8, 12, 32-32). In DEFENDANT ASSUREDPARTNERS OF VIRGINIA, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT (ECF No. 17), AssuredPartners denied the existence of the contract between it and Ocean Front. Simultaneously with the filing of its Answer, AssuredPartners filed the MOTION in which AssuredPartners sometimes appears to assume the existence of the contract as it is alleged in the FAC. In other parts of AssuredPartners' briefs, it is not entirely clear that AssuredParters is admitting, even for purposes of the MOTION, the existence of the contract as

5

pleaded by the FAC. At the Initial Pretrial Conference, counsel for AssuredPartners acknowledged that a contract between the two did exist.

With that in mind, the Court considers that the predicate assertion in AssuredPartners' brief is that Ocean Front "has not, and cannot, plead facts that would establish <u>a breach</u> of the terms or conditions of the alleged contract between" Ocean Front and AssuredPartners. (ECF No. 16, p. 7) (emphasis added). The MOTION also seeks to dismiss the two tort claims (COUNTS II and II) for negligence and breach of fiduciary duty by relying upon Virginia's economic loss doctrine.

## DISCUSSION

We will first consider AssuredPartners' challenge to COUNT I, the breach of contract claim. Then, we will turn to the request for dismissal of the two tort claims (COUNTS I and II) for negligence and breach of fiduciary duty.

A. **The Breach of Contract Claim**

Both parties agree that "[t]he elements of a breach of contract claim are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." <u>Filak v. George</u>, 267 Va.

6

612, 619 (2004).[2] A review of the FAC establishes that Ocean Front adequately has pleaded each of those necessary elements. First, Ocean Front has adequately pleaded a legally enforceable obligation by way of contractual obligation between it and AssuredPartners for the procurement of proper and adequate insurance coverage based upon the conduct of full and proper due diligence. Ocean Front pleaded consideration as well. The FAC pleads the breaches of contract in detail. Finally, the FAC pleads that Ocean Front suffered damages as a result of the breaches alleged.

It is necessary to understand that, as Ocean Front notes in its opposing memorandum, AssuredPartners' theory that the requisite elements for a breach of contract claim have not been properly pled really depends upon AssuredPartners' focus on one email exchange between Ocean Front's representative: Exhibit 2 to the FAC. That email does, in fact, support the view that a contract existed. However, AssuredPartners' theory that Exhibit 2, and only Exhibit 2, is the contract simply ignores the remainder of the detailed allegations of the FAC and reads the email on which it relies to define the contract in a vacuum that ignores all the other allegations in the FAC that, if proved, establish: (1) a course of dealing between the parties; (2) explicit

---

[2] See ECF No. 16, p. 8 and ECF No. 18, p. 13.

representations and promises made by AssuredPartners; (3) AssuredPartners' admissions and acknowledgements; and pertinent industry standards, customs and practices. Moreover, AssuredPartners actually structures its argument around a misreading of the email exchange on which it relies.

In sum, the FAC adequately and plausibly pleads a breach of contract claim that fully satisfies the requirements of Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and the requisites of Virginia law as specified in Filak v. George, 267 Va. 612 (2004).

**B. The Negligence and Breach of Fiduciary Claims**

To begin, COUNTS II and III, the negligence and breach of fiduciary claims, are explicitly pleaded as alternatives to the contract claim in COUNT I. Alternative pleading is clearly permitted by Fed. R. Civ. P. 8. Decisional law fully supports the right of plaintiffs to plead alternatively, even if the theories are conflicting. The entirety of AssuredPartners' argument for dismissal of COUNTS II and III simply ignores the right accorded by the Federal Rules of Civil Procedure to plaintiffs to plead alternatively and the settled law that confirms that right.

The allegations of COUNT II are sufficient, if proved, to establish a negligence claim. The allegations of COUNT III, if proved, are sufficient to establish a breach of fiduciary claim.

8

The economic loss doctrine, at its core, stands for the proposition that, where a contract supplies the obligations and the duties that are alleged to be breached, tort claims cannot be substituted as the means to address the alleged breach. The economic loss doctrine does not bar COUNTS II and III because they are not alleged to be viable unless there is no contract.

There will come a time when Ocean Front must elect the theory on which it will rely. The time for election can be as late as judgment, but often the election is required to be made, or is made, at the summary judgment stage or immediately before the trial. When election must be made in this case will depend upon further developments in the case and discovery. But, Ocean Front need not elect now.

## CONCLUSION

For the foregoing reasons, DEFENDANT ASSUREDPARTNERS OF VIRGINIA, LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (ECF No. 15) will be denied.

It is so ORDERED.

/s/ RSP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 30, 2024

9